■ HYMAN FREIMAN et al., Appellants, v. LONG ISLAND LIGHTING COMPANY et al., Respondents.— Motion referred to the court that rendered the decision. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ. Motion for leave to appeal to the Court of Appeals denied. Motion to amend remittitur denied, without costs. Present — Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ. [See *ante*, p. 889.]

■ LAKE BEECHWOOD COUNTRY CLUB, INC., et al., Respondents, v. PEEKSKILL MANOR, INC., et al., Appellants.— Motion referred to the court that rendered the decision. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ. Motion for reargument denied, without costs. Motion for leave to appeal to the Court of Appeals denied. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Hallinan, JJ. [See *ante*, p. 865.]

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY DE MAYO, Appellant.— Motion to vacate a judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting defendant of the crime of petit larceny, and for a new trial, granted to the extent of reversing said judgment, ordering a new trial and remitting the fine. It is conceded that a transcript of the minutes of the trial is unavailable. Under the circumstances, there is no alternative other than to order a new trial (*People* v. *Kaplan*, 278 App. Div. 665; *People* v. *Keefe*, 254 App. Div. 683). Present — Nolan, P. J., Wenzel, Beldock, Murphy and Hallinan, JJ.

■ EDITH BAETICH, Also Known as EDITH COOPER, Appellant, v. JOSEPH LEVINE et al., Respondents.— In an action against the sole stockholder of a corporation and his attorney to recover damages arising out of a contract between said stockholder and the plaintiff for the sale to her of one third of the stock of the corporation, the appeal is from an order vacating a preference in trial granted by the calendar clerk pursuant to rule 6 of the Queens County Supreme Court Rules, Trial Terms. Order affirmed, with one bill of $10 costs and disbursements. In view of the relationship alleged to have existed between appellant and respondent Segalock, appellant had a choice of remedies against Segalock, if injured by his negligence in the performance of his duties as her attorney, to sue either in contract or in tort. An examination of her complaint leads to the conclusion that in the eighth cause of action pleaded appellant has elected to pursue her remedy by an action in tort, based on Segalock's alleged negligence. Consequently, a preference was not authorized by the provisions of the rule invoked. Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ., concur.