■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SALVATORE LA PALIA, also known as JOHN LA PALIA, Appellant.— Appeal by defendant from a judgment of the County Court, Suffolk County, rendered November 30, 1962 after a nonjury trial, convicting him of the possession of book-making records (Penal Law, § 986-b), and imposing sentence. Judgment affirmed. The evidence warranted the conviction (cf. *People* v. *Dinan,* 11 N Y 2d 350). The motions during the trial to suppress evidence were not timely made (*People* v. *McCall,* 19 A D 2d 630). Beldock, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAMUEL MININNI, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Westchester County, dated April 5, 1963, which denied without a hearing his application to vacate a judgment of said court, rendered December 26, 1950 after a jury trial, convicting him of attempted burglary in the third degree and the felonious possession of burglars' tools, and sentencing him, as a fourth felony offender, to serve a term of 20 years to life. Appeal dismissed as academic (see *People* v. *Mininni,* 21 A D 2d 811). Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAMUEL MININNI, Appellant.— On December 26, 1950, after a jury trial in the County Court, Westchester County, the defendant was convicted of attempted burglary in the third degree and of felonious possession of burglars' tools, and sentenced as a fourth felony offender to serve a term of 20 years to life. The defendant duly appealed from the judgment. On October 25, 1954, this court made an order granting the District Attorney's cross motion to dismiss the defendant's appeal for lack of prosecution, and denying the defendant's motion to reverse the judgment and to grant a new trial on the ground that a transcript of the trial minutes was unavailable since the court stenographer had destroyed the minutes. The fact that the minutes have been destroyed is not disputed; the court stenographer has so certified. Based on recent decisions (*People* v. *Adams,* 12 N Y 2d 417, 420; *People* v. *Hairston,* 10 N Y 2d 92), the defendant now moves to vacate this court's order of October 25, 1954 dismissing his appeal; to reinstate the appeal; and, by reason of the destruction of the minutes, to vacate the 1950 judgment. The motion is granted; the order of October 25, 1954 is vacated; the appeal is reinstated; the judgment rendered December 26, 1950 is vacated; and a new trial is granted. The destruction of the minutes prevented the defendant from obtaining an adequate review of the judgment. In the light of the recent holdings of the Court of Appeals of this State and of the Supreme Court of the United States, this court is now required to vacate its 1954 order dismissing the appeal from the 1950 judgment of conviction and to reverse such judgment. A judgment of conviction must be reversed whenever, by the action of the State or any of its agencies or agents, the defendant has been effectively deprived of his statutory right to appeal (*People* v. *Foreman,* 13 A D 2d 500; *People* v. *Kowalski,* 20 A D 2d 794; cf. *People* v. *Pride,* 3 N Y 2d 545, 549; cf. *Eskridge* v. *Washington Prison Bd.,* 357 U. S. 214). Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAMUEL MININNI, Appellant.— Motion by defendant to dispense with printing on his appeal from an order of the County Court, Westchester County entered May 4, 1964, denying without a hearing his *coram nobis* application to vacate the judgment of said court, rendered December 26, 1950 after a jury trial, convicting him of attempted burglary in the third degree and of felonious possession of burglars' tools, and sentencing him as a fourth felony offender to serve a term of 20 years to life. This motion and defendant's appeal from