Keating, J.
Samuel Montgomery, a teenager of 15, along with two friends, Robert May and Russell Corley, became involved in a street melee with two other boys which quickly escalated from an argument to fisticuffs to knife wielding. As a result of this street brawl, Montgomery and his companions were indicted for fatally stabbing one of the boys whom they encountered on the evening of August 2, 1957. Montgomery was the alleged brandisher of the knife.
Each defendant was represented by court-appointed counsel at their joint trial. The jury returned verdicts of second degree murder against Montgomery and May, but acquitted Corley. On December 30,1957 Montgomery and May were each sentenced to 25 years to life in State prison.
May’s attorney filed a timely notice of appeal from the judgment of conviction. The Appellate Division (First Department) modified May’s conviction and reduced the crime to manslaughter in the second degree and imposed a sentence of 7% to 15 years. (9 A D 2d 508.)
A notice of appeal was not filed in Montgomery’s behalf. On July 18,1967, however, he applied for a writ of error coram nobis alleging that, because of his indigency, ignorance and infancy at the time of his conviction, he was precluded from seeking appellate review. He contends that neither court-appointed counsel nor anyone else informed him of his absolute right to appeal from his judgment of conviction. He casts the onus for his failure to prosecute an appeal at the door of the State. He claims that, because he was an indigent, the People had an obligation to inform him of this valuable right. Defendant sought to be resentenced in order that an appeal might be taken from the judgment of conviction.
The Supreme Court, Bronx County, denied Montgomery’s application without a hearing on August 14, 1967, relying on People v. Kling (14 N Y 2d 571) and Peofle v. Marchese (14 *132 N Y 2d 695). The Appellate Division (First Department) unanimously affirmed without opinion.
Since we have today swept away the remains of Kling and Márchese (People v. Callaway, 24 Y Y 2d 127) we must decide petitioner’s claim unencumbered by these prior precedents.
The issue raised by this appeal is whether the petitioner’s allegation that he was not informed of his right to appeal presents an issue of fact which requires a hearing in order to determine the veracity of the contention. A coram nobis hearing is required only if we determine that the allegation states a ground for relief either because the defendant’s appeal was frustrated by the action of his counsel or if, under the Fourteenth Amendment, it is impermissible for the State to fail to assure that an indigent defendant is informed of his right to appeal. If either or both of these grounds are sufficient, the petitioner must be accorded a hearing and, if his contention proves true, his right to appeal must be reinstated.
The time has come for us to announce clearly that every defendant has a fundamental right to appeal his conviction and that, accordingly, basic fairness and due process require that the right not be dissipated either because the defendant was unaware of its existence or counsel failed to abide by a promise to either file or prosecute an appeal. This determination in no way indicates that courts should or can attempt to second guess counsel. Our decision, very simply, demonstrates a fundamental concern that defendants be informed of their right to appeal, and that, where an attorney, whether assigned or retained, fails to apprise his client of this vital privilege, there is no justification for making the defendant suffer for his attorney’s failing.
The same result is required if this defendant’s claim is analyzed in terms of equal protection.
Since the State has provided an absolute right to seek review in criminal prosecutions it constitutionally follows that an indigent defendant cannot be deprived of this review simply because of his poverty. (See People v. Ramsey, 23 N Y 2d 656; People v. Ludwig, 16 N Y 2d 1062; People v. Hairston, 10 N Y 2d 92; People v. Pitts, 6 N Y 2d 288; Anders v. California, 386 U. S. 738; Swenson v. Bosler, 386 U. S. 258; Long v. District Ct., 385 U. ,S. 192; Douglas v. California, 372 U. S. 353; Griffin v, Illinois, *133 351 IT. S. 12.) The condition precedent to appellate review of a criminal prosecution is the filing of a notice of appeal. It is apparent that the 30-day period in which an appeal must be docketed is a critical time for the defendant. It cannot be successfully argued that an indigent defendant does not have the right to counsel at this stage of his proceedings (see Hamilton v. Alabama, 368 U. S. 52).
It is not clear that, at the time this defendant was convicted, there was any positive obligation imposed on assigned counsel to inform defendants of their right to appeal. (People v. Kling, 19 A D 2d 750, affd. 14 N Y 2d 571, but see former Rule 9 of the Administrative Board of the Judicial Conference.) Presently, the rules of the Appellate Divisions do provide such an obligation.*
Even with this obligation, however, we do not believe that an indigent defendant can lose his right to appeal simply because the State delegates its responsibility to a member of the Bar to pass along the requisite information. The courts are the surrogates of the State’s responsibility in this field. An indigent defendant cannot lose his right to appeal simply because the courts have deputized a lawyer to fulfill the function and he has failed properly to carry out his duties.
The petitioner, because of his indigency, was compelled in this case to accept the assistance of court-appointed counsel. He claims his counsel did not inform him of his right to appeal. Without such advice this petitioner, who had no previous experience with the law, could not be expected to file a notice of appeal. There is no question that the primary duty of furnishing legal advice to indigent defendants is a State responsibility. Either by permitting assigned counsel’s role to terminate at the end of trial, or'failing to provide safeguards against lack of information, the State permitted a critical time period to lapse of which the defendant was unaware. Since this lack of awareness occurred because of the defendant’s poverty, he must be *134 accorded a hearing to determine whether in fact no one informed him of Ms right to appeal. If, at the hearing, it is determined that he was not told of his rights, then clearly he was denied the ‘ ‘ equal protection ’ ’ of the law. If his allegations prove to be meritorious, he should be resentenced so that Ms time to appeal will run anew. (People v. Callaway, supra; People v. Hairston, supra.)
Accordingly, the order of the Appellate Division should be reversed and the proceedings remitted to the Supreme Court, Bronx County, for the purpose of holding a hearing limited to the question of whether the defendant’s failure to serve and file a notice of appeal was attributable to the failure of Ms assigned counsel to advise Mm of his right to appeal.

 Rules of .the Supreme Court, Appellate Division, First Department, Pt. 7, rule V (2) (a), (2) (b), (3); 22 NYCRR 606.5 Rules of the Supreme Court, Appellate Division, Second Department, Pt. 2, rule III 22 NYCRR 671.3; Rules of Practice of the Supreme Court, Appellate Division, Third Department, Duties of Counsel in Criminal Actions and Habeas Corpus Proceedings, rule 2 22 NYCRR 821.2; Rules of the Supreme Court, Appellate Division, Fourth Department, Rules Relating to Attorneys, rule X 22 NYCRR 1022.13,