**UNITED STATES of America ex rel. Lewis POWELL, Petitioner,**

v.

**John L. ZELKER, Superintendent of Green Haven Correctional Facility, Stormville, N.Y., Respondent.**

**No. 72 Civ. 889.**

United States District Court,
S. D. New York.

Sept. 29, 1972.

Louis J. Lefkowitz, Atty. Gen. of N. Y. (Frank I. Strom II, Asst. Atty. Gen., New York City, of counsel), for respondent.

MEMORANDUM

MacMAHON, District Judge.

On June 17, 1960, petitioner, who is presently incarcerated in Green Haven Correctional Facility, was indicted by the grand jury of New York County for the crime of murder in the first degree. The indictment alleged that on or about June 3, 1960 petitioner wilfully, feloniously and of malice aforethought shot and killed one Carol Cammock with a pistol. On July 22, 1960, represented by four court-appointed attorneys, petitioner pleaded guilty to the crime of murder

in the second degree to cover the indictment. Before the court accepted his plea, it established that petitioner was entering his plea knowingly, voluntarily and of his own free will, and that neither the district attorney, defense counsel, nor anyone else had made any promise regarding the sentence that the court would impose.

In July 1969, petitioner filed an application for a writ of error coram nobis in the Supreme Court, New York County. He alleged that he was not advised of his right to appeal from the judgment of conviction, as required by People v. Montgomery, 24 N.Y.2d 130, 299 N.Y.S.2d 156, 247 N.E.2d 130 (1969). His application was granted to the extent that the matter was set down for a hearing (Marks, J.). Petitioner then submitted two supplemental affidavits in support of his coram nobis application, including an application for a *Huntley* hearing to determine the voluntariness of statements made to the police. Petitioner claimed that the presentation of these allegedly coerced statements to the grand jury was improper evidence against him.

Petitioner's application for a *Huntley* hearing was denied on March 20, 1970 (Schweitzer, J.). On August 13, 1970, a *Montgomery* hearing was held in the Supreme Court, New York County, and on August 19, 1970 that court ruled that petitioner was entitled to be sentenced *nunc pro tunc* (Warner, J.). On August 27, 1970, Mr. Justice Warner vacated the October 18, 1960 sentence, pursuant to his August 19, 1970 decision, whereupon defense counsel asked the court to permit the defendant to withdraw his plea of guilty and to enter a plea of not guilty since his original plea of guilty had been involuntary. The court denied counsel's motion and resentenced petitioner to a term of twenty years to life imprisonment.

In this pro se application for a writ of habeas corpus, petitioner alleges: (a) that his guilty plea was induced by trickery and misrepresentation; and (b) that he was improperly denied a *Huntley* hearing in the state courts.

Petitioner's contention that his guilty plea was induced by trickery and misrepresentation is vague and conclusory. Petitioner offers no support by record, affidavit of counsel or otherwise to his rather vague claim that his plea was somehow induced by an alleged involuntary confession. In addition, he fails to present facts which would support his claim that his confession was involuntary. It is well settled that mere conclusory allegations do not afford a basis for federal habeas corpus relief. United States ex rel. Seible v. LaVallee, 450 F.2d 842 (2d Cir. 1971); United States ex rel. Rosen v. Follette, 409 F.2d 1042 (2d Cir. 1969) (en banc), cert. denied, 398 U.S. 930, 90 S.Ct. 1822, 26 L.Ed.2d 93 (1970).

■ Furthermore, the stenographic minutes of petitioner's plea on July 22, 1960 clearly demonstrate that his plea was knowingly and voluntarily made. In response to the court's questions, petitioner (a) admitted that he wilfully shot and killed Miss Cammock; (b) acknowledged that he was pleading guilty freely and voluntarily; and (c) acknowledged that no sentence promise had been made by the district attorney, defense counsel or anyone else. When a judgment of conviction based upon a plea of guilty is attacked in a collateral proceeding, it carries with it a presumption of regularity. Williams v. Kaiser, 323 U.S. 471, 474, 65 S.Ct. 363, 89 L.Ed. 398 (1945); Johnson v. Zerbst, 304 U.S. 458, 468, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Bald assertions that a guilty plea was induced by trickery and misrepresentation are insufficient.

■ Finally, petitioner alleges that he was improperly denied a *Huntley* hearing in the state courts to determine the voluntariness of statements made to the police and presented to the grand jury. However, he fails to allege facts which, if true, would establish that his statements to the police were indeed in-

voluntary. Without such a showing, petitioner is not entitled to federal habeas corpus relief to correct possible state procedural deficiencies. Procunier v. Atchley, 400 U.S. 446, 91 S.Ct. 485, 27 L.Ed.2d 524 (1971); United States ex rel. Randazzo v. Follette, 444 F.2d 625 (2d Cir. 1971).

Accordingly, the petition is denied. A certificate of probable cause (28 U.S.C. § 2253) will not issue since there are no questions of substance on which the Court of Appeals should rule. Finally, we certify that any appeal from this order in forma pauperis is not taken in good faith because an appeal would be frivolous. 28 U.S.C. § 1915(a); Coppedge v. United States, 369 U.S. 438, 445, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962); United States v. Visconti, 261 F.2d 215, 218 (2d Cir. 1958), cert. denied, 359 U.S. 954, 79 S.Ct. 743, 3 L.Ed.2d 762 (1959).

So ordered.