■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS RIVERA, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 29, 1973 on resentence, convicting him of various narcotics offenses, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. It is undisputed that the transcript of the trial minutes is unavailable. Under the circumstances, a new trial must be ordered *(People v Auth,* 43 AD2d 790; *People v Mininni,* 21 AD2d 811; *People v De Mayo,* 2 AD2d 985). The facts in *People v Bell* (36 AD2d 406, affd 29 NY2d 882) are distinguishable from the case at bar since there the defendant was convicted upon a guilty plea while here defendant was convicted after trial. Latham, Acting P. J., Cohalan, Christ, Brennan and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY SCHNEIDER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 14, 1973, convicting him of manslaughter in the second degree (three counts), upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. This prosecution is the result of an automobile accident in which three persons died. The testimony was contradictory as to many questions of fact, including the color of the traffic light at the time of the collision and the speed of defendant's vehicle. Under these circumstances, the trial court should have permitted cross-examination of witnesses concerning civil actions which may be pending and in which they have an interest. The jury should have been permitted to consider such testimony on the issue of credibility. Latham, Acting P. J., Cohalan, Christ, Brennan and Shapiro, JJ., concur.