Jasen, J. (dissenting).
On this appeal, the sole question before us is whether, 23 years after conviction, a defendant who was not advised of his right to appeal and who, pursuant to People v Montgomery (24 NY2d 130), was resentenced nunc pro tunc so as to commence again the time in which to take an appeal, is entitled to a new trial solely because there no longer exists a transcript of the original trial proceedings, even though the Appellate Division has affirmed a finding that the defendant has failed to raise any appealable issues with respect to the first trial. Since I cannot agree that the absence of a trial transcript under such circumstances warrants a new trial, I would reverse the order of the Appellate Division and reinstate the judgment of conviction.
On May 14, 1953, defendant was convicted, after a jury trial, of three counts of an indictment charging him with the possession and sale of marijuana. He was sentenced to a term of imprisonment of from two and one half to five years. In 1965 he was again convicted of the possession and sale of narcotics. He was adjudged a second-felony offender and received a sentence of imprisonment of from 10 to 15 years. In April, 1972 defendant moved for an order vacating his 1953 conviction, contending that he had never been advised of his right to appeal. That motion was apparently never disposed of, and a series of related motions followed. Finally, after defendant’s fourth motion, a hearing was held and in June, 1973 it was determined that defendant had not been advised of his right to appeal. The 1953 judgment of conviction was vacated and he was resentenced to two and one half to five years, nunc pro tunc as of July 1, 1953, so as to afford him an additional period of time in which to appeal. Defendant then did appeal that judgment. In addition, he moved for a summary reversal of the 1953 conviction on the ground that the trial transcripts and the original sentencing minutes were not available and that the Appellate Division was therefore incapable of reviewing the prior proceedings. The Appellate Division referred the matter to the Supreme Court for a hearing to ascertain the existence of appealable issues, and held the motion in abeyance. After a hearing, the Supreme Court determined that defendant had failed to prove the existence of any appealable issues. Defendant’s subsequent motion to the *527 Appellate Division to "disaffirm” this finding, as well as his original motion for summary reversal, were then denied by the Appellate Division, which cited People v Bell (36 AD2d 406, affd without opn 29 NY2d 882) in its decision. There remained unresolved, however, the underlying appeal from the judgment of conviction. Following argument of the appeal itself, the Appellate Division reversed the judgment which had been entered upon the conviction in 1953 and ordered a new trial, solely on the ground that a trial transcript was unavailable (47 AD2d 864).
In my view, today’s holding undermines the well-founded presumption of regularity attaching to all judicial proceedings and judgments of conviction. (People v Bell, 36 AD2d 406, 408, affd without opn 29 NY2d 882, supra; see People ex rel. Price v Hayes, 151 App Div 561, 566; People ex rel. Kammerer v Brophy, 255 App Div 821, 822, affd without opn 280 NY 618; McCormick, Evidence [2d ed], § 343, p 807; cf. Wolfe v Burke, 56 NY 115, 119.) This presumption of regularity remains until rebutted by substantial evidence to the contrary. (People v Richetti, 302 NY 290, 298; see Galpin v Page, 18 Wall [85 US] 350, 365.) Nothing in the record before us suggests any reason why this presumption of regularity should not be given full effect here. Indeed, defendant’s actions corroborate the presumed regularity. Defendant’s failure to take an immediate appeal in 1953 is, of course, excusable under the rationale of People v Montgomery (24 NY2d 130, supra). However, at the time of the second-felony offender proceedings in 1966 he did not challenge the validity of the 1953 judgment. Instead, he waited three years after our decision in Montgomery was announced before commencing the proceeding which made the instant appeal possible. At no time has he suggested that the original trial and the related proceedings were in any respect irregular. He does not articulate a single appealable issue with respect to his conviction, and in our court he has not challenged the finding of Supreme Court, Criminal Term, affirmed by the Appellate Division, that there were, in fact, no such appealable issues. Common sense and fairness to all concerned, to defendants as well as to the People, require that this important presumption of regularity be given full effect in situations like this, especially where no claim that the proceedings were irregular in any respect is made until many years after trial.
In holding that this defendant merits a new trial, the court *528 imposes upon the People the burden of performing the literally impossible task of providing defendant with a transcript which apparently never existed for the reason that the stenographer’s notes were in all likelihood destroyed, wholly in good faith, many years before this Montgomery claim was raised. This ignores the universally accepted practice, sanctioned by statute, of destroying stenographic notes after a reasonable period of time where no appeal has been taken. (See Judiciary Law, § 297, which permits the destruction of stenographic notes two years after the trial or hearing.) Such a requirement cannot be justified.[1]
Due to the passage of time, it is unlikely that this defendant will be retried for a crime which he allegedly committed more than two decades ago. Thus, he can expect to have the indictment dismissed, with the result that he will be freed from the second-felony offender penalties imposed upon him following his 1965 conviction. But my concern extends far beyond the windfall conferred upon this defendant. Today’s holding is certain to continue to have a significant impact. It is well known that a person whose sentence was completed before the date of the Montgomery decision usually has little interest in raising a Montgomery claim until he is convicted of another felony and is treated as a second-felony offender (Penal Law, § 70.06) or as a persistent felony offender (Penal Law, § 70.10). Thus our courts can expect to be confronted with predicate felony convictions predating Montgomery for some time to come.[2]
In this case, like all cases in which a Montgomery claim is raised, we should keep in mind two considerations which are not always easily reconciled. On the one hand, we should *529 safeguard the continuing right of a defendant to have his appeal heard if he was unaware of his right to appeal. On the other hand, we should be equally vigilant in protecting the right of the People to have a judgment of conviction upheld by the appellate courts where no genuine appealable issue is raised and when it is not shown that the judgment was irregular in any respect. Thus, in People v Lynn (28 NY2d 196), we balanced these concerns by holding that a defendant who was convicted upon his plea of guilty is not entitled to Montgomery relief unless he can show that at the time he might have undertaken an appeal he had a genuine appeal-able issue. I would extend this rule to all Montgomery situations, even where a defendant is convicted after a trial. The presumption of regularity of judicial proceedings would seem to mandate such a rule. Moreover, such a rule would avoid the illogical result of granting a defendant a new trial where it has been determined that the defendant has raised no genuine appealable issue and offered no evidence that the trial and judgment of conviction were irregular in any respect.
For these reasons, I would reverse the order of the Appellate Division and reinstate the judgment of conviction.
Judges Gabrielli, Jones, Wachtler and Cooke concur with Judge Fuchsberg; Judge Jasen dissents and votes to reverse in a separate opinion in which Chief Judge Breitel concurs.
Order affirmed.

. Of course, where a timely appeal is taken, the unavailability of a transcript cannot be excused, and a defendant must be granted a new trial. (People v Hartley, 34 AD2d 733; People v Boone, 22 AD2d 982; People v De Mayo, 2 AD2d 985.) However, this rule should have no application to a situation where no timely appeal has been taken and stenographic notes have been destroyed in compliance with the statute.

. In the second-felony offender context, the sentence on the predicate felony conviction must have been imposed not more than 10 years before the commission of the second or subsequent felony. In calculating this 10-year period, however, any period of time during which the person was incarcerated for any reason between the time of commission of the predicate felony and the time of commission of the second or subsequent felony is to be excluded and the 10-year period extended by a period or periods equal to the time served under such incarceration. (Penal Law, § 70.06, subd 1, par [b], els [iv], [v].) Also, section 70.10 of the Penal Law specifies no time bar at all relative to predicate felony convictions used in the persistent felony offender context.