John P. McNAMARA, Appellant,

v.

Walter M. RIDDLE, Superintendent of the Virginia State Penitentiary, and The Attorney General of Virginia, Appellees.

John P. McNAMARA, Appellant,

v.

Robert F. ZAHRADNICK, Superintendent of the Virginia State Penitentiary, Appellee.

Nos. 76–1870, 77–1088.

United States Court of Appeals, Fourth Circuit.

Argued May 2, 1977.

Decided Oct. 13, 1977.

Stuart L. Nachman, Norfolk, Va. (Steingold, Steingold and Friedman, Norfolk, Va., on brief), for appellant.

John W. MacIlroy, Asst. Atty. Gen., Richmond, Va. (Anthony F. Troy, Atty. Gen., Richmond, Va., on brief), for appellees.

Before CRAVEN,* RUSSELL and WIDENER, Circuit Judges.

PER CURIAM:

This state prisoner filed two *habeas* petitions seeking to set aside his guilty pleas. The two petitions were, to say the least, somewhat contradictory. In one, he would fault the state court for failing to hold a hearing on his competency to stand trial; in the other, he charges constitutional error in the refusal of the state court to permit him to discharge his court-appointed counsel and to defend himself *pro se.* The district court dismissed both petitions and the petitioner has appealed. We consolidated the appeals and heard them together. We affirm the dismissal of both petitions.

* The opinion in this case was not prepared until after Judge Craven's death.

## I

■ The district court held an evidentiary hearing on the petitioner's claim of error in the failure of the State trial court to order *sua sponte* a hearing on his competency to stand trial. The record at such evidentiary hearing shows a complete absence of either medical or lay testimony, which would have given any support whatsoever for doubt of petitioner's competency to stand trial at any time during the proceedings in the state court. This case is thus in sharp contrast with *Pate v. Robinson* (1966) 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 on which petitioner relies and in which there was abundant evidence at trial of repeated mental disorders on the part of the defendant, of his psychiatric hospitalization and of innumerable instances of his irrational conduct. The only circumstances on which the petitioner relies is the entry of an order, at the instance of his counsel, for his examination by Dr. James Williams. He argues, citing *Brizendine v. Swenson* (W.D.Mo.1969) 302 F.Supp. 1011, that this was a determination by the trial court of the need for an evidentiary hearing on competency and that a failure to conduct such a hearing before trial after such determination was constitutional error under *Robinson*. However, the district court did not read nor do we read the order of the trial court to be a judicial determination of a need for a competency hearing. The language of the order certainly does not justify such a construction and the letter of petitioner's counsel to the physician who was to perform the examination made it clear no such determination had been requested by him or had been made by the trial court. The purpose of the examination was, as counsel stated it, simply to ascertain whether the petitioner "should be sent to Central State Hospital for complete mental observation to determine whether or not he can stand trial." In short, it was intended, if supportive, merely as a possible predicate for a motion for a "complete mental examination" which might support a claim of incompetency. In requesting the examination, petitioner's counsel was, as the district court found, merely endeavoring to explore every possible avenue of defense. Unless the examination provided some basis for a claim of possible incompetency, counsel for the petitioner had absolutely no evidence to support any motion for a determination of incompetency. When the examination was negative, petitioner's counsel, after consultation with the petitioner and with his approval, abandoned any attempt along this line, acquiesced, as he had to, in the physician's opinion and made no application for a competency hearing by the trial court. Under these circumstances, the district court properly dismissed this petition.

## II

■ In his second petition, petitioner seeks to void his guilty pleas because of his assertion that the State trial court refused to relieve his court-appointed counsel and to allow him to defend himself *pro se*.[1]

*Faretta v. California* (1975) 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 512, established that a criminal defendant has a constitutional right to dispense with counsel, whether private or retained, and "defend himself if he truly wants to do so."[2] In so declaring, the Court recognized "that in most criminal prosecutions defendants could better defend with counsel's guidance than by their own unskilled efforts,"[3] and stated that when a defendant requests to dispense with counsel and to defend *pro se*, the trial court should see that the defendant is made "aware of the dangers and disadvantages of self-representation," so that the record will show that his choice to forego the benefit of counsel was made "knowingly and intelligently."[4] This rule was not significantly different from the rule which had been

1. The record is not clear whether there has been State exhaustion of this claim. Since, however, it is plainly without merit, we have chosen to review the ruling without regard to any question of exhaustion.

2. 422 U.S. at 817, 95 S.Ct. at 2532.

3. 422 U.S. at 834, 95 S.Ct. at 2540.

4. 422 U.S. at 835, 95 S.Ct. 2525, 2541.

adopted in a number of circuits before *Faretta*. Thus, for instance, in *United States v. Bennett* (10th Cir. 1976) 539 F.2d 45, 50, *cert. denied* 429 U.S. 925, 97 S.Ct. 327, 50 L.Ed.2d 293, the court said the decision to exercise the right must be asserted "clearly and unequivocally" and, in *United States ex rel. Martinez v. Thomas* (2d Cir. 1975) 526 F.2d 750, 755, and *United States v. Trapnell* (9th Cir. 1975) 512 F.2d 10, 11, it was said that such an application was only to be granted if the trial court has determined that it was intelligently and understandingly made.

The difficulty with petitioner's claim is that he never made a request that his appointed counsel, whom he had specifically requested the trial court to appoint as his counsel,[5] be relieved or that he be allowed to represent himself. It is true his counsel—*not the petitioner*—did ask the Court at one point to relieve him of his appointment to represent the petitioner because of some disagreement with the petitioner. The trial court denied counsel's request. Without any objection or complaint on the record by the petitioner his appointed counsel continued thereafter to represent the petitioner, including the period of plea bargaining which resulted in petitioner's guilty pleas, followed by concurrent suspended sentences. The petitioner asserts, though, that he impliedly at least, did make such a request by filing with the trial court some papers himself. This was, in our opinion, insufficient to manifest a demand that the petitioner wished to conduct his own defense without the assistance of his appointed counsel. The trial court never had an actual request from the petitioner that he be permitted to dispense with his appointed counsel and to represent himself and naturally never ruled on any such request. Absent such a request and ruling thereon, there is no denial of a constitutional right to be asserted by a *habeas* proceeding.

The denial of both petitions for relief is accordingly

AFFIRMED.

5. It is important to note that the petitioner's appointed counsel McKenry had initially been his retained counsel. When he was unable to pay his retained counsel, petitioner requested the trial court to appoint McKenry to defend him. And the Court did appoint McKenry, who represented the petitioner continuously throughout the criminal proceedings.