■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR D. McDONOUGH, Appellant. — Appeal, by permission, from an order of the County Court of Delaware County (Farley, J.), entered March 5, 1981, which denied, after a hearing, defendant's postconviction motion pursuant to CPL 440.10 to vacate a judgment of said court rendered on January 23, 1978. On December 20, 1977, defendant was convicted after trial of four counts of arson in the third degree and was sentenced therefor on January 23, 1978 to an indeterminate term of 4 to 12 years.[*] At the time of his sentencing, defendant executed a form, entitled "Notice of Intention with Respect to Appeal", which had been filled out by his assigned trial counsel and indicated defendant's request to appeal his judgment of conviction. However, no notice of appeal was filed nor was an appeal taken. On September 15, 1980, defendant moved, pursuant to CPL 440.10, for an order vacating the judgment based on the denial of his constitutional right to adequate counsel. Defendant contends that his counsel failed to investigate properly the charges against him; failed to make appropriate motions on his behalf; failed to call key witnesses at the trial; and failed to appeal his conviction. By decision dated September 24, 1980, the trial court granted defendant a hearing on his motion and assigned him other counsel. Following the hearing, the trial court denied defendant's motion on the expressed grounds that the defendant had not demonstrated his entitlement to relief under *People v Montgomery* (24 NY2d 130) or that he was inadequately represented by counsel at trial. We believe that it was error for the trial court to have considered defendant's application as a *Montgomery* claim. CPL 460.30 was enacted to prescribe the procedures applicable to *Montgomery* claims (*People v Corso,* 40 NY2d 578), which essentially extend a defendant's time to appeal. The section provides that such application must be made to the Appellate Division in the first instance when the appeal is to be taken to that court. By its express provisions, such application must be made "with due diligence after the time for taking an appeal has expired, and in any case not more than one year thereafter" (CPL 460.30, subd 1). Having been informed that his notice of appeal must be filed within 30 days, the failure of defendant to comply with this section or to make any attempt whatsoever to extend his time to appeal until 2½ years after his time to appeal had expired is solely attributable to his own fault (cf. *People v Thomas,* 47 NY2d 37) and precludes a consideration of his motion as a *Montgomery* claim. Therefore, confining defendant's application to his claimed violation of his constitutional right to counsel under CPL 440.10 (subd 1, par [h]), it may be concluded that the trial court correctly determined, on the evidence offered at the hearing, that defendant had failed to demonstrate inadequate representation of counsel at trial which deprived him of his constitutional right thereto under the State and Federal Constitutions (*People v Aiken,* 45 NY2d 394, 398). Irrespective of the efforts of his assigned counsel, the evidence offered against defendant at

---

[*] Subsequent to his sentencing in Delaware County, defendant pleaded guilty to arson charges in Broome County and was sentenced there to an indeterminate term of 4 to 10 years to run concurrently with his Delaware County sentence.

trial overwhelmingly supported his judgment of conviction. Moreover, it was not impermissibly obtained nor was it legally insufficient. Thus, the denial of defendant's motion by the trial court was correct and its order should be affirmed. Order affirmed. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.