**Michael WILLIAMS, Petitioner,**

v.

**Thomas COUGHLIN, III, Commissioner, New York State Department of Correctional Services, Respondent.**

No. CV–84–4148.

United States District Court, E.D. New York.

June 26, 1987.

On Motion for Reconsideration July 25, 1987.

Michael Williams, pro se.

Elizabeth Holtzman, Dist. Atty., Kings County by John H. Larsen, Asst. Dist. Atty., Brooklyn, N.Y., for respondent.

## MEMORANDUM AND ORDER

PLATT, District Judge.

On March 11, 1964, petitioner pleaded guilty to two counts of murder in the second degree in satisfaction of two multi-count indictments, and on May 27, 1964, he was sentenced to two concurrent terms of incarceration of twenty years to life.[1] In his latest habeas corpus petition,[2] Williams asserts that his conviction should be vacated because the court that accepted his guilty plea should have ordered *sua sponte* an examination and hearing to determine his competency to plead.

Before a court may constitutionally accept a guilty plea, the Judge must be satisfied that the plea is knowing and voluntary. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). A plea cannot be knowing and voluntary unless the defendant is competent to understand the nature of the offense, his constitutional rights, and the scope of the possible sentence. *Saddler v. United States,* 531 F.2d 83, 85–86 (2d Cir.1976) (citing *Boykin v. Alabama,* 395 U.S. 238, 243–44, 89 S.Ct. 1709, 1712–13, 23 L.Ed.2d 274 (1969)). Therefore, when there is reasonable cause to believe that the defendant is incompe-

---

1. Petitioner was resentenced *nunc pro tunc* on April 25, 1969, pursuant to *People v. Montgomery,* 24 N.Y.2d 130, 299 N.Y.S.2d 156, 247 N.E.2d 130 (1969) and *People v. Callaway,* 24 N.Y.2d 127, 299 N.Y.S.2d 154, 247 N.E.2d 128 (1969), because his attorney had not advised him in 1964 of his right to appeal from his conviction.

2. According to petitioner's own papers, he has filed twenty-two prior applications for federal writs of habeas corpus in the Northern, Eastern, and Southern Districts of New York.

tent, the court must inquire into defendant's competency before accepting a plea of guilty. *See Drope v. Missouri*, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975); *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). Factors giving rise to such reasonable cause may include prior medical opinions on his competence to stand trial or plead guilty, his demeanor in court, and his irrational behavior. *See Drope*, 420 U.S. at 180, 95 S.Ct. at 908.

■ Our inquiry, therefore, is whether the Judge had sufficient reason to doubt petitioner's competency to be constitutionally required to order *sua sponte* a competency determination.

■ In his supporting papers, petitioner quotes three reports that allegedly show that he suffered from mental disease and was emotionally retarded. The first report, purportedly from the Children's Village Child Guidance Service, is dated over two and one-half years before petitioner pleaded guilty. According to petitioner, the report states that he has a passive-aggressive personality type and is of low intelligence, and it concludes that he could be a "danger" at any time. The second report, dated over a month after petitioner was sentenced and purportedly written by a prison psychologist, states that petitioner is "emotionally retarded." The third report, entitled an "Educational Report," is also purportedly from a prison and is dated approximately four months after petitioner pleaded guilty and six weeks after sentence was imposed. It states that petitioner has an "educational grade level of 4.7 overall."

There is no indication that the Judge was ever aware of any of these reports, and therefore no indication of how these reports could be the basis for a *sua sponte* order. Petitioner asserts that a letter written by the Judge over ten years after accepting petitioner's plea shows that the Judge was aware of his long history of mental illness. Apparently, petitioner had written the Judge a threatening letter on April 21, 1971. According to petitioner, the Judge wrote to the Commissioner of Correctional Services three years later, on August 5, 1974, stating that petitioner had a

history of mental illness and that, in his opinion, petitioner was dangerous.

The Judge's comments, however, as do the reports, focus on petitioner's mental health and potential for dangerousness. Doubts about a defendant's mental health and dangerousness are not equivalent to doubts about his competency to stand trial or to plead. *Hoornweg v. Smith*, 504 F.Supp. 1189, 1193 (W.D.N.Y.1981).

Finally, petitioner argues that the plea allocution itself should have alerted the Judge to the possibility that petitioner was incompetent to plead. During the allocution, the following colloquy occurred:

> THE COURT: All right. Now, Williams, come forward. This other case that you are involved in, when did that happen?
>
> DEFENDANT WILLIAMS: Sometime in the wintertime, around two years ago.
>
> THE COURT: This was back in January 1962?
>
> DEFENDANT WILLIAMS: Yes, sometime around there.
>
> THE COURT: How do you fix the time?
>
> DEFENDANT WILLIAMS: Because I had just got out of an institution.
>
> THE COURT: Out of jail?
>
> DEFENDANT WILLIAMS: No.

Transcript of Proceedings, *People v. Williams*, Nos. 19/64 and 51/64 (N.Y. Sup.Ct. Kings Co. Mar. 11 & 12, 1964) (hereinafter "Plea Minutes") at 12.

■ Petitioner asserts that his reference to an "institution" that was not a jail notified the court that he was in a mental institution shortly before the commission of the crime and may have still been suffering from mental illness.

We disagree. Contrary to petitioner's argument, the minutes of the plea allocution demonstrate that petitioner fully understood the proceedings. He described in narrative form the facts of the crimes, and even stated that he understood why it was necessary for him to so state them. Plea Minutes 4–7, 13–14. He stated that he understood that he was waiving his right to

a jury trial and that he was pleading guilty voluntarily. *Id.* at 7.

The present case is quite unlike *United States ex rel. Suggs v. LaVallee,* 430 F.Supp. 877 (S.D.N.Y.1977), *aff'd* 570 F.2d 1092 (2d Cir.), *cert. denied,* 439 U.S. 915, 99 S.Ct. 290, 58 L.Ed.2d 263 (1978), and *United States ex rel. DuBois v. Mancusi,* 325 F.Supp. 694 (W.D.N.Y.1971), relied upon by petitioner. In *Suggs,* the plainly bizarre colloquy during the plea allocution prompted the Judge to order a psychiatric examination. The United States District Court issued a writ of habeas corpus in that case because the psychiatric evidence demonstrated that the petitioner was in fact incompetent. *Id.* at 883–84. That case did not address whether the Judge had been constitutionally required to order *sua sponte* the examination. In *DuBois,* the plea allocution clearly showed that petitioner mistakenly believed that he was pleading "not guilty" rather than "guilty" and that he had been under the influence of narcotics at the time of the crime. 325 F.Supp. at 697.

■ We note further that petitioner was represented at the pleading by not one but two attorneys, who stated that they had had lengthy discussions with petitioner and had discussed the case with petitioner's mother. Plea Minutes 2, 8. Neither attorney indicated to the Judge in any way even the slightest doubt about petitioner's competency, nor apparently did they ever put petitioner's competency at issue. *Cf. Drope v. Missouri,* 420 U.S. 162, 164–65, 95 S.Ct. 896, 900–01, 43 L.Ed.2d 103 (1975) (trial counsel had made motion for continuance so that petitioner could be examined by a psychiatrist); *Pate v. Robinson,* 383 U.S. 375, 376, 86 S.Ct. 836, 837, 15 L.Ed.2d 815 (1966) (trial counsel raised issue of petitioner's competency at trial). Given the strong presumption that defendants' attorneys render effective assistance, *Strickland v. Washington,* 466 U.S. 668, 689, 104

S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984), we believe that if petitioner's counsel had any reason to doubt his competency they would have brought it to the attention of the Judge.[3]

In sum, the transcript of the plea allocution demonstrates that petitioner fully understood the consequences of his plea and the nature of the charge, and that he knowingly and voluntarily entered a plea of guilty. The evidence put forth by petitioner is insufficient to have given the Judge reasonable cause to doubt petitioner's competency and to require, as a constitutional matter, a *sua sponte* competency examination or hearing.

Accordingly, petitioner's application must be, and hereby is, denied.

SO ORDERED.

## ON MOTION FOR RECONSIDERATION

Two things in life are inevitable, viz.: death and taxes, to which we might justifiably add: petitions from The Reverend Michael Williams. In his latest submission, petitioner moves for reconsideration of our June 26, 1987, order denying his application for a writ of habeas corpus, or, in the alternative, for a certificate of probable cause to appeal. Petitioner argues that the Court erred in denying his habeas corpus application without an evidentiary hearing.

■ On federal habeas corpus review, the District Court need not order an evidentiary hearing unless the petitioner alleges disputed facts that, if proved, would entitle the petitioner to relief. *Townsend v. Sain,* 372 U.S. 293, 312, 83 S.Ct. 745, 756–57, 9 L.Ed.2d 770 (1963). In our June 26, 1987, decision, we held that the facts alleged in petitioner's application were insufficient, as a matter of law, to have required the State trial court to make a *sua sponte* competency determination. Accordingly, petitioner is not entitled to an evidentiary hearing on the State Court's duty to make a competency determination.

---

**3.** Petitioner was also represented at his 1964 and 1969 sentencings. None of the attorneys in those proceedings raised any question concern-

ing petitioner's competence, nor did they state any reason for not proceeding with sentence.

Furthermore, we disagree with petitioner to the extent that he argues that this Court should hold a hearing to determine whether he was in fact incompetent to plead guilty, which is a separate issue from whether the State Court should have held a competency hearing, *see Van Poyck v. Wainwright*, 595 F.2d 1083, 1085 (5th Cir. 1979). As stated in our prior decision, the medical reports cited address petitioner's dangerousness, not his competence to stand trial or to plead. We did not hold, as petitioner erroneously believes (see petitioner's Motion for Reconsideration at 2), that failure of petitioner's trial counsel to raise the issue of competency in State Court barred petitioner from raising it here. Rather, we considered the lawyers' silence as an indication that petitioner's claim of incompetence was meritless. *See United States ex rel. Roth v. Zelker*, 455 F.2d 1105, 1108 (2d Cir.), *cert. denied*, 408 U.S. 927, 92 S.Ct. 2512, 33 L.Ed.2d 340 (1972) (attorney's opinion as to competency is entitled to probative weight). Furthermore, as stated in our prior decision, the plea allocution demonstrates a cogent and informed defendant. Accordingly, the allegations in the petition are insufficient to raise a credible claim that petitioner was incompetent to enter a guilty plea, and therefore petitioner is not entitled to a District Court hearing on that issue. *See Machibroda v. United States*, 368 U.S. 487, 495, 82 S.Ct. 510, 514, 7 L.Ed.2d 473 (1962).

Petitioner's reliance on New York State cases and statutes for his arguments that he is entitled to an evidentiary hearing before the State Court or before this Court is, of course, entirely inappropriate in a federal habeas corpus petition.

Accordingly, petitioner's motion for reconsideration is granted, but upon reconsideration we adhere to our original decision denying relief upon his habeas corpus application. Because we believe his claims to be without merit, petitioner's request for a certificate of probable cause is denied.

SO ORDERED.