■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL NYEMCHEK, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Intemann, J.), rendered August 28, 1984, convicting him of burglary in the third degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and as a matter of discretion in the interest of justice, and a new trial is ordered.

With respect to defendant's exculpatory statement, as related by the two arresting police officers, the court instructed the jury as follows: "Because the defendant did not testify on *[sic]* trial and is not subject to cross-examination, you must examine such evidence as to the defendant's alleged statement with special care and caution".

This instruction constituted reversible error even in the absence of an objection, since it improperly allowed the jury to draw an unfavorable inference against the defendant by vir-

tue of his decision not to testify *(see, People v McLucas,* 15 NY2d 167, 171; *People v Concepcion,* 128 AD2d 887, 888).

In addition, the defendant was prejudiced by the prosecutor's reference, during summation, to the defendant's alleged knowledge of the presence of a gun in the burglarized premises. The evidence established that defendant had no way of knowing that a gun was present in the burglarized premises. Accordingly, the prosecutor's comment to the contrary was improper *(see, People v Ashwal,* 39 NY2d 105).

Finally, the trial court erred when it totally thwarted defense counsel's attempt to cross-examine Police Officer Kunze, one of the arresting officers, as to his knowledge of a civil lawsuit purportedly commenced by the defendant against the police to recover damages for injuries allegedly sustained by him either during or after his arrest. Such an inquiry was extremely relevant with respect to the police officer's credibility and the court should not have totally restricted it *(see, People v Schneider,* 47 AD2d 864; *United States v Miles,* 480 F2d 1215).

We have reviewed the defendant's remaining arguments, including those raised in his supplemental *pro se* brief, and find them to be without merit. Mangano, J. P., Thompson, Brown and Sullivan, JJ., concur.