**UNITED STATES of America ex rel. Andrew HARDIN, Petitioner,**

**v.**

**Howard PETERS, et al., Respondents.**

**No. 88 C 4858.**

United States District Court, N.D. Illinois, E.D.

Sept. 27, 1988.

---

Andrew Hardin, Pontiac, Ill., pro se.

Arlene C. Anderson, Terence Madsen, Asst. Atty. Gen., Criminal Appeals Div., Chicago, Ill., for respondents.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Petitioner Andrew Hardin, an inmate at Illinois' Pontiac Correctional Center, seeks habeas relief under 28 U.S.C. § 2254 from his plea of guilty on two counts of murder. For the reasons set forth below, the petition is denied.

## I.
### Factual Background and Procedural History

On January 31, 1978, Hardin on the recommendation of his attorney Constantine Xinos entered a plea of guilty to murder charges before Judge R. Eugene Pincham who sentenced Hardin to an indeterminate term of incarceration of nineteen to eighty years. Hardin then hired a private attorney Ralph Hartsought to attempt to withdraw the plea under Supreme Court Rule 604(d).[1] Hartsought failed to file a timely motion with the trial court, and the Illinois Appellate Court accordingly rejected Hardin's notice of appeal. On June 2, 1983, Hardin filed for post-conviction relief under Ill.Rev.Stat. ch. 38, ¶ 122–1, *et seq.* (1983), charging ineffective assistance of trial and appellate counsel and that the court's instigating and accepting his guilty plea constituted a denial of due process. After reviewing the plea proceedings, the trial court found the record devoid of any evidence that Hardin's plea was involuntary or that he received ineffective assistance of counsel. The Appellate Court affirmed the trial court's decision to dismiss the petition without an evidentiary hearing, and the Illinois Supreme Court denied Hardin's petition for leave to appeal. Having exhausted all available state court remedies in satisfaction of 28 U.S.C. § 2254(b), Hardin filed this habeas petition raising claims identical to those in his post-conviction petition.

## II.
### Procedural Default

 On appeal of the dismissal of his post-conviction petition, Hardin challenged the trial court's decision to dismiss the petition without an evidentiary hearing but

1. The Rule provides, in pertinent part, that:
No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant within 30 days of the date on which sentence is imposed, files in the trial court a motion to withdraw his plea of guilty and vacate the judgment.... The motion shall be heard promptly, and if allowed, the trial court shall vacate the judgment and permit the defendant to withdraw his plea of guilty and plead anew. If the motion is denied, a notice of appeal from the judgment and sentence shall be filed within the time allowed in Rule 606 measured from the date of entry of the order denying the motion. Upon appeal any issue not raised by the defendant in the motion to withdraw the plea of guilty and vacate the judgment shall be deemed waived. Ill. Rev.Stat. ch. 110A, ¶ 604(d) (1983).

did not expressly seek review of the merits of each claim. Ordinarily, a state prisoner forfeits the right to challenge a conviction in federal habeas on grounds not raised at all available levels of appeal in the state courts, *United States ex rel. Villa v. Fairman*, 810· F.2d 715, 717 (7th Cir.1987), unless the prisoner can demonstrate sufficient cause for abandoning the claims and prejudice therefrom, *Reed v. Ross*, 468 U.S. 1, 11, 104 S.Ct. 2901, 2908, 82 L.Ed.2d 1 (1984), or that the alleged constitutional errors seriously call into question the prisoner's guilt. *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 2650, 91 L.Ed.2d 397 (1986). Hardin has not shown cause for his failure to appeal the merits of his claims, and, as discussed in subsequent sections of this opinion, his contentions do not undermine his guilty plea.

■ Initially, we observe, as respondents apparently concede, that Hardin's failure to properly seek withdrawal of the guilty plea on direct appeal did not preclude relief in a post-conviction proceeding and accordingly does not constitute waiver of the claims. Generally, Illinois bars post-conviction relief on any grounds which could have been but were not raised on direct appeal. *People v. Churchill*, 92 Ill.App.3d 1006, 48 Ill.Dec. 364, 365, 416 N.E.2d 395, 396 (3d Dist.1981). However, a petitioner's failure to move for withdrawal of a guilty plea or to file a direct appeal does not preclude a challenge to the voluntariness of the plea in post-conviction proceedings. *People v. Coultas*, 75 Ill.App.3d 137, 31 Ill.Dec. 110, 111 n. 1, 394 N.E.2d 26, 27 n. 1 (5th Dist. 1979). Further, the Illinois courts have held that appellate counsel's missing the deadline for filing the motion to withdraw a plea constitutes ineffective assistance of counsel and justifies a hearing on the claim. *People v. Morguez*, 90 Ill.App.3d 471, 45 Ill.Dec. 795, 413 N.E.2d 128 (1st Dist.1980). Similarly, a petitioner may raise an ineffective assistance of trial counsel claim in a post-conviction proceeding that was not addressed on direct appeal. *Perry v. Fairman*, 702 F.2d 119, 122 (7th Cir.1983).

It is equally clear that Hardin could have raised these claims directly in his appeal of the trial court's decision to dismiss the post-conviction petition. Ill.Rev.Stat. ch. 38, ¶ 122–7 (1975). He chose instead to seek only an evidentiary hearing in the trial court on his claims, essentially arguing that the trial court was incorrect in deciding the claims without a hearing. We hold that Hardin did not, by adopting that tact, waive his claims for purposes of federal habeas relief. An appellate court's review of the trial court's decision to address claims without an evidentiary hearing mandates some assessment of the merits of those claims. Generally, an appellate court will order the trial court to conduct an evidentiary hearing on post-conviction claims only if the trial court was manifestly erroneous in determining, on the basis of the trial transcript and post-conviction proceedings, that the petitioner had not made a substantial showing of a constitutional violation. *People v. Jones*, 66 Ill.2d 152, 5 Ill.Dec. 576, 578, 361 N.E.2d 1104, 1106 (1977); *People v. Lovitz*, 127 Ill.App.3d 390, 82 Ill.Dec. 356, 362, 468 N.E.2d 1010, 1016 (2d Dist.1984). The appellate court has two options, either of which includes some pronouncements on the merits of the petitioner's claims: affirm the trial court, in which case the appellate court found that the claims do not have substantial merit, or remand for a hearing, in which case the court found there is sufficient merit to the claims and petitioner will ultimately have another opportunity to appeal the actual claims.

The appellate court here found that the denial of an evidentiary hearing was not manifestly erroneous since the trial court reviewed the transcript of the plea proceedings. As best as we can discern from the opinion, the appellate court did not independently determine whether Hardin made a substantial showing that the performance of trial or appellate counsel was constitutionally deficient or, more importantly, whether Hardin's guilty plea was involuntary. However, we cannot be certain that the appellate court did not implicitly assess the merits of Hardin's claims as the standard of review requires and, in any event,

we will not bar claims here simply because the appellate court failed to properly address the merits. Further, it cannot be said that Hardin's seeking additional hearings on a claim in any way evidenced or amounted to an abandonment of those claims. Accordingly, Hardin did not procedurally default on his claims, and we will address the merits of each.

## III.

### Guilty Plea

Hardin's central charge is that the state unconstitutionally sentenced him on an unknowing and involuntary guilty plea. In support of this claim, Hardin alleges that defense counsel coerced the plea by stating Hardin had no winnable defense and the court would impose the severest sentence possible in the event Hardin went to trial and lost, the trial court failed to mention how prior convictions could enhance the sentence and, finally, the trial court coerced the plea of guilty by initiating plea bargaining and indicating that the sentencing court would look favorably on an admission of guilt.[2] We conclude on the record that Hardin's plea satisfies constitutional muster.

A guilty plea given knowingly and voluntarily accords with due process and is constitutionally enforceable. *Clay v. Director, Juvenile Division, Dept. of Corrections,* 631 F.2d 516, 518 (7th Cir.1980). A court must question the accused in a public hearing before accepting the guilty plea, *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969), and the questioning must demonstrate generally that the accused has complete knowledge of the consequences of the plea. *Williams v. Coughlin,* 664 F.Supp. 665 (E.D.N.Y.1987). The record must indicate that the accused understands the nature of the crime charged, the permissible range of sentences and the panoply of constitutional

rights being waived, including the rights to a jury trial, to present evidence and confront government witnesses and the privilege against compelled self-incrimination.[3] *See, e.g., United States ex rel. Miller v. McGinnis,* 774 F.2d 819 (7th Cir.1985) (finding guilty plea unintelligent and involuntary when court did not inform defendant that he waived his confrontational and self-incrimination rights and that a three-year mandatory supervised release would attach to any sentence of incarceration). An accused who pleads guilty and is represented by competent counsel may not collaterally attack the plea if the state satisfied these standards and there is no evidence of coercion or inability to understand. *Mabry v. Johnson,* 467 U.S. 504, 508, 104 S.Ct. 2543, 2546–47, 81 L.Ed.2d 437 (1984).

The transcript of the plea proceedings discloses that the trial court held a thorough hearing on the plea, meeting standards beyond those mandated by the United States Constitution. The court first assured itself that Hardin was competent to understand the questions to which he would be subjected. The court asked Hardin his age (24), educational experience (up to the final year in high school) and whether he had any difficulty in understanding the proceedings. The court then informed Hardin of the rights he would waive by entering a guilty plea and asked him whether he understood each right and appreciated the consequences of his plea. The court explained the rights to a jury trial—including the size of the jury, how they would be selected (and his right to challenge each juror for cause or peremptorily), to a bench trial in the alternative, to a finding of innocence in the event the government does not prove every element beyond a reasonable doubt, to present evidence and subpoena witnesses, to listen to and cross-examine the government's witnesses, to remain silent and to a speedy

2. Hardin additionally contends that his plea was involuntary since it was made on the recommendation of incompetent defense counsel. We address this contention in the next section.

3. It is unsettled whether due process requires, as Fed.R.Crim.P. 11 mandates in federal criminal proceedings, that the state court additionally find a factual basis for each element of the criminal offense. *See, e.g., Hobbs v. Blackburn,* 752 F.2d 1079, 1082 (5th Cir.) (finding in the negative), *cert. denied,* 474 U.S. 838, 106 S.Ct. 117, 88 L.Ed.2d 95 (1985).

trial. For each right, Hardin stated that he understood the right and that he still wished to waive the right and plead guilty.

■ The court also went through each of the charged counts of murder, identifying their statutory source, indicating the range of sentences available for each and the detailed facts supporting guilt on each. Hardin stated that he shot the victim, and that he had no defenses to the crimes. The court informed Hardin that he additionally faced a mandatory five-year parole period after release. Hardin's only challenge to the adequacy of this colloquy is that the court did not inform him of the significance of prior convictions in sentencing. Since Hardin did not have any prior convictions, as expressly noted by the court, the court's failure to mention the effect of prior convictions is irrelevant. Indeed, Hardin admits that the court gave him a sentence of nineteen to eighty years, less severe than the sentence promised by the court during plea negotiations. A court may participate in plea negotiations, and the accused cannot collaterally attack the plea unless the sentence actually imposed differs significantly from that promised by the court. *United States ex rel. Russo v. Attorney General of Illinois*, 780 F.2d 712, 717 (7th Cir.), *cert. denied*, 476 U.S. 1185, 106 S.Ct. 2922, 91 L.Ed.2d 550 (1986).

Finally, on at least four separate occasions Hardin stated that his plea was not coerced in any way or by anyone. He also testified that, except for the judge's promise to impose a sentence of, at most, twenty to eighty years in the event he does plead, nothing induced him to plead guilty. Hardin also indicated that he conferred with his attorney and was satisfied with his advice and representation. There is a strong presumption that an accused's statements in open court and under oath as to the voluntariness of a guilty plea are true. *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977); *United States v. Ellison*, 835 F.2d 687, 693 (7th Cir.1987). As long as the accused is free to accept or reject any offer, threats of a harsher sentence in the event the accused refuses to plead guilty do not render a guilty plea involuntary. *Bordenkircher v. Hayes*, 434 U.S. 357, 363, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1978). Similarly, promises by the trial court that leniency will accompany cooperation in the form of a guilty plea do not violate due process. *Damiano v. Gaughan*, 770 F.2d 1 (1st Cir.1985). Accordingly, Hardin provides no basis for questioning the constitutionality of a plea that the record indicates was knowing and voluntary.

## IV.

### Performance of Trial Counsel

■ Hardin contends that his attorney's statements that there were no winning defenses available and that the court would probably impose a heavier sentence if Hardin insisted on going to trial constituted ineffective assistance of counsel. An accused who pleads guilty on an attorney recommendation that is not "within the range of competence demanded of attorneys in criminal cases" must be given the opportunity to withdraw that plea. *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985), *quoting McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970). As with any other ineffective assistance of counsel claim, the accused must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Hill*, 106 S.Ct. at 369, *quoting Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984). Thus, the accused cannot rely solely on allegations of incompetence and prejudice, but must, when charging as here that counsel failed to advise the accused of a potential defense, how "the affirmative defense likely would have succeeded at trial." *Hill*, 106 S.Ct. at 371. *Key v. United States*, 806 F.2d 133, 139 (7th Cir.1986).

Hardin has failed to meet this burden of proof. He has not identified any defenses that were available to him, let alone how they might have succeeded at trial. The mere possibility that an attorney erred in sizing up the chances of success at trial does not render the attorney's plea recom-

**334**

mendation incompetent, for there is much room between a tactical or strategic error and incompetence. *United States v. Lumpkins*, 845 F.2d 1444, 1450 (7th Cir. 1988). With no evidence of an available defense or its merits or any indication how counsel was incorrect in representing that a harsher sentence would accompany a conviction, we cannot find his recommendation incompetent or prejudicial. Accordingly, we deny habeas relief on this claim.

## V.

### Performance of Appellate Counsel

■ Appellate counsel's failure to timely file the motion to withdraw the plea under Supreme Court Rule 604(d) constituted performance falling "below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88, 104 S.Ct. at 2065. *See, e.g., Hollis v. United States*, 687 F.2d 257 (8th Cir.1982), *cert. denied*, 459 U.S. 1221, 103 S.Ct. 1228, 75 L.Ed.2d 462 (1983); *Cleaver v. Bordenkircher*, 634 F.2d 1010 (6th Cir. 1980), *cert. denied*, 451 U.S. 1008, 101 S.Ct. 2345, 68 L.Ed.2d 861 (1981). Hardin was not, however, prejudiced by counsel's mistake. Hardin's claims remained cognizable in post-conviction proceedings and on appeal from those proceedings. The trial court (and presumably the appellate court) addressed the merits of Hardin's claims. Accordingly, counsel's failure to file the motion does not merit habeas relief.

## VI.

### Conclusion

Hardin did not procedurally default on his claims. However, we deny each claim on the merits. Accordingly, the habeas petition is denied. It is so ordered.