**UNITED STATES of America, Appellee,**

v.

**Lizette CALDERON, Appellant.**

**No. 98–3014.**

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 2, 1998.

Decided Jan. 12, 1999.

Thomas Lumbard, appointed by the court, argued the cause and filed the briefs for appellant.

Rachel Adelman–Pierson, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were Wilma A. Lewis, U.S. Attorney, John R. Fisher, Elizabeth Trosman, and Richard L. Edwards, Assistant U.S. Attorneys.

Before: RANDOLPH, ROGERS and TATEL, Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

Having pled guilty to possession of almost 10 kilograms of cocaine with intent to sell, appellant Lizette Calderon now appeals her sentence of 97 months incarceration followed by 5 years of supervised release. We affirm the district court's sentence in all respects save for the term of supervised release.

While traveling by train from Miami to New York City in June of 1990, Calderon and her cousin were arrested in Union Station in Washington, D.C., after Amtrak police searched their bags and found 9,871 grams of 100% pure cocaine. They were charged with one count of unlawful possession with intent to distribute 5 kilograms or more of cocaine. 21 U.S.C. §§ 841(a) & (b)(1)(A)(ii) (1994). Calderon absconded before her scheduled trial date and was rearrested seven years later in Puerto Rico.

As part of a written agreement, in which Calderon agreed to plead guilty to one count of possession with intent to distribute 5 kilograms or more of cocaine, the parties agreed (1) that the safety valve provision of the guidelines should apply so as to make the mandatory minimum sentence for the charge inapplicable; (2) that Calderon should receive a two level reduction for acceptance of responsibility and that she would not seek other adjustments to her offense level; (3) that Calderon could seek a downward departure at sentencing and that the government could oppose such a departure; (4) that the government could advocate a sentencing enhancement for obstruction of justice, but would not advocate other enhancements or an upward departure; and (5) that the government would not oppose sentencing at the bottom of the guideline range. While not specified in the written plea agreement, the failure to appear charge was dropped prior to the court's consideration of Calderon's plea.

At her sentencing hearing, Calderon made four arguments to the district court: (1) Her decision to accept $25,000 for transporting the cocaine arose out of economic duress because she desperately needed the money to make a down payment on a house so as to free herself from her abusive boyfriend; (2) she had shown extraordinary rehabilitation because she had not committed any crimes since she jumped bail; (3) her extreme depression constituted diminished capacity; (4) this crime was a single act of aberrant behavior despite the fact that she admitted to using drugs previously. Carefully considering the record, the district court appropriately found each of these arguments wholly without merit, sentencing her to 97 months in prison (the bottom of the recommended range according to the sentencing guidelines) and 5 years of supervised release. Calderon argues that the district court erred by failing to consider her claims in combination, or in the alternative, that her trial counsel was ineffective for failing to ask the court to consider the claims in combination.

We need not consider whether the trial court should have considered her claims in combination for it is clear from the record that Calderon would have gained nothing from the combined consideration of four completely frivolous claims. Moreover, because considering these claims in combination would not have affected the sentence the district court imposed, Calderon cannot show that her counsel's performance was constitutionally ineffective. See Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.").

■ Despite the fact that she agreed as part of a valid plea bargain not to seek any other downward adjustments to her sentence, Calderon nevertheless maintains that the district court erred by failing to consider her a "minor" or "minimal participant" under Sentencing Guideline section 3B1.2(a). She notes that the Commentary to the Sentencing Guidelines explicitly envisions "a case where an individual was recruited as a courier for a single smuggling transaction involving a small amount of drugs." U.S.S.G. § 3B1.2, comment. (n.2). While we seriously doubt whether the amount of drugs involved in this case (10 kilograms of pure cocaine with a street value of almost $2 million) constitutes a "small amount," we need not reach that issue as the plea agreement barred defendant's claim. Moreover, Calderon has failed to support her claim that her agreement to the relevant terms of the plea bargain was unknowing or involuntary. The plea agreement, which she signed, stated: "I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will." The district court repeatedly asked her whether she understood and agreed voluntarily to the terms of the plea bargain, and she repeatedly answered in the affirmative. Nothing in the plea colloquy suggests any duress or lack of understanding of the plea bargain's terms. And Calderon received an objectively favorable deal by the government dropping her charge for failure to appear.

■ In the alternative, Calderon argues that her counsel was ineffective for agreeing to a clause in the plea agreement limiting the legal grounds she could assert to reduce her sentence. In order to set aside the plea agreement for ineffective assistance of counsel, Calderon must show that her "attorney performed below an objective standard of reasonableness, causing a 'reasonable probability that, but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial.'" *United States v. Holland*, 117 F.3d 589, 594 (D.C.Cir.1997) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). Calderon has not even alleged that she would otherwise have gone to trial. Moreover, it is well within the realm of valid strategic decisions of competent counsel not to seek adjustments to a client's base offense level when the government is willing both to drop a charge for failure to appear and to forego seeking adjustments that would increase a sentence. *See Strickland*, 466 U.S. at 689, 104 S.Ct. 2052 ("[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" (quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955))). We cannot agree with Calderon that this plea bargain was a "contract of adhesion"; indeed, its terms do not suggest even a hint of unfairness.

■ Finally, Calderon challenges the district court's imposition of 5 years of supervised release, arguing that the district judge was unaware that under Sentencing Guideline section 5D1.2(a) he had the discretion to sentence her to as few as 3 years of supervised release. *See* U.S.S.G. § 5D1.2(a) ("[I]f a term of supervised release is ordered, the length of the term shall be: (1) at last three years but not more than five years for a defendant convicted of a Class A or B felony...."). We agree. The pre-sentence report, upon which the court based its sentence, erroneously stated that the Guidelines required "a term of 5 years." Apparently following that recommendation, the district court wrote "– to 5 years" in the row designated the "Supervised Release Range" on the "Statement of Reasons" of the judgment form. Given that the district court admitted that if the court were not "locked in by the guidelines in this case," it "would most likely not sentence you to what is called for under the guidelines," and given that the court chose the lowest possible prison term from the range specified in the guidelines, it seems quite probable that the court would also have sentenced Calderon to a term of supervised release lower than the maximum specified in the Guidelines.

This case is remanded for the district court to exercise its discretion with regard to the

term of supervised release. In all other respects, we affirm.

*So ordered.*