Charlie LAWUARY, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 01–3299.

United States District Court, C.D. Illinois, Springfield Division.

April 24, 2002.

Charlie Lawuary, Greenville, IL, pro se.

David E. Risley, Assistant U.S. Attorney, Springfield, IL, for Respondent.

## OPINION

RICHARD MILLS, District Judge.

This cause is before the Court on Petitioner's petition under 28 U.S.C. § 2255.

### BACKGROUND

On November 5, 1997, Petitioner was charged in a two-count indictment with possession of cocaine base (crack), with the intent to distribute, in violation of 21 U.S.C. § 841(a).

On May 11, 1997, Petitioner was arrested after officers conducted a search and discovered a baggie containing 21.3 grams of cocaine base located in Petitioner's overalls. Count I of the indictment charged Petitioner with possession of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).

On August 24, 1997, Petitioner ran from a vehicle stopped for a traffic violation. Officers eventually tackled Petitioner in an effort to subdue him. As he was tackled, Petitioner threw a baggie containing 64.3 grams of cocaine base. Count 2 charged Petitioner with possession of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

Pursuant to a plea agreement, Petitioner pleaded guilty to Count 2 of the indictment on March 9, 1998. In the plea agreement, Petitioner reserved the right to appeal the Court's denial of his motion to suppress and to contest any finding that his prior criminal record subjected him to a mandatory life sentence. See 21 U.S.C. § 841(b)(1)(A). After admitting that he had two previous convictions for felony drug offenses, Petitioner was sentenced to life in prison.

On direct appeal, Petitioner argued that this Court erred in denying his motion to suppress and that the Government failed to provide adequate notice of the previous convictions upon which it was relying to enhance Petitioner's sentence. Petitioner's conviction and sentence were affirmed by the Seventh Circuit in an opinion issued May 1, 2000. United States v. Lawuary, 211 F.3d 372 (7th Cir.2000).

Petitioner's Petition for Writ of Certiorari with the Supreme Court was denied on October 2, 2000. On September 30, 2001, Petitioner filed this Petition.

### ANALYSIS

■ Under 28 U.S.C. § 2255:

A prisoner in custody under sentence ... claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack, may move the court, which imposed the sentence, to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. However, a petitioner may not raise constitutional errors in a § 2255 motion unless he has raised these errors on direct appeal. "Constitutional errors not raised on direct appeal may not be raised in a § 2255 motion unless the defendant can demonstrate either: (1) both good cause for his failure to raise the claims on direct appeal and actual prejudice from the failure to raise those claims; or (2) that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice." McCleese v. United States, 75 F.3d 1174, 1177 (7th

Cir.1996). Petitioner asserts several grounds for his § 2255 Motion.

I. *Petitioner Claims the Court refused to Allow him to Maintain his Not Guilty Plea*

First, Petitioner alleges that the Court acted in violation of the Fifth Amendment when it refused to allow Petitioner to maintain his not guilty plea. In essence, Petitioner is asserting that his guilty plea was involuntary. Petitioner failed to raise this issue on direct appeal, so his ability to raise it here depends upon whether he can prove good cause and actual prejudice or actual innocence. *Murray v. Carrier,* 477 U.S. 478, 489, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). *Bousley v. United States,* 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (holding that without a showing of cause and prejudice, "the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review"). Petitioner has made no attempt to establish cause and prejudice in relation to this claim.

At the change of plea hearing, Petitioner interrupted the hearing to inform the Court that he wanted to plead not guilty and proceed to trial. The following is taken from the change of plea hearing transcript:

Mr. Miller (Petitioner's counsel): Judge, he's advised me that he wishes to go to court.

| | |
|---|---|
| The Court: | I beg your pardon? |
| Mr. Miller: | He had advised me now that he wishes to go to court. To go to trial. |
| The Court: | That he wishes to go to trial? |
| Mr. Miller: | That's right. |
| The Court: | So that you do not wish to proceed to a plea of guilty at this time; is that right— |
| Mr. Lawuary: | That's right. |
| The Court: | —Mr. Lawuary? |
| Mr. Lawuary: | That's right. |
| The Court: | Mr. Lawuary, you realize, do you not, that you have signed a plea agreement in which you are admitting that you committed this offense? Do you realize that? |
| Mr. Lawuary: | Yes, sir. |
| The Court: | And now you want to stop the proceedings and go back and go to trial by jury is that your point? |
| Mr. Miller: | Yes, sir, seems like it, sir. |
| The Court: | What do you think that you will gain by that? You see, Mr. Lawuary, the reason why we have this mandatory life is not because of this offense, but because of your prior offenses. |
| Mr. Lawuary: | I have only been convicted of one prior offense.[1] |
| The Court: | Well, we have one that is in 1993 and another conviction in 1995. |
| Mr. Lawuary: | That's what I have been trying to explain to my lawyer. I went to penitentiary for 1995. When I copped out to the case in 1995, I copped to all drug cases known and unknown. So that should have covered all that, Your Honor. You could never—they double jeopardied me like that. When I copped out to them, I didn't get busted no more for no more drugs or nothing during that time. |

\*\*\*

That should be one strike, that's what I'm trying to say.[2]

---

1. The Government asserted that Petitioner had been convicted of two prior state drug offenses, case nos. 93–CF–789 and 95–CF–413.

2. Petitioner was sentenced to eighteen months probation for his first felony drug conviction in case no. 93–CF–789. His probation was revoked and he was sentenced to 2 years in the Illinois Department of Corrections to run concurrently with his second felony drug conviction in case no. 95–CF–413.

Mr. Risley (Assistant U.S. Attorney): Your Honor, it may be that the thing Mr. Lawuary is concerned about—we're talking about mandatory life. By entering this plea agreement, he is concerned he is alleging—we are going from the records we have. His attorney, Mr. Miller, has carefully negotiated an exception clause in this plea agreement that says that the Defendant, while he's acknowledging that we allege he's facing a mandatory life sentence, that he reserves the right to deny that and to contest it.

Mr. Miller: That's correct.

Mr. Risley: And if he's correct that he only has one prior drug conviction—

The Court: It is not necessarily mandatory.

***

Mr. Lawuary: That's what I'm saying. Could it be valid? I mean I only copped—when I copped out to that one time, how they going to get two out of it?

The Court: If this agreement indeed is limited only to the plea and acknowledges the Government's position of two, but gives you the opportunity to show the Court we're only talking about one, then it would definitely have an affect upon your ultimate sentence. No question about that.

***

Mr. Risley: And the Defendant can contest that. And that, of course, is an issue we will resolve later on before sentencing. If the Defendant wants to proceed to trial, that certainly—

Mr. Lawuary: That was my main thing, what he just said, you know.

The Court: That you can contest whether it's one or two?

Mr. Lawuary: One or two.

The Court: At the time of sentencing.

Mr. Miller: We carefully reserved that.

The Court: How's that?

Mr. Miller: We carefully identified that issue and Mr. Risley and I negotiated that. And that's set forth rather carefully in the plea agreement. But when a man stands in front of the court, he gets a little nervous and it is legitimate nervousness and anxiety.

***

The Court: All right. Now, we've got it all understood?

Mr. Lawuary: Okay.

The Court: We're talking about a plea to Count 2. It's not until we get down to sentencing that we're going to worry about one or two priors?

Mr. Lawuary: Right.

The Court: And at that time, you're going to be free to show me that there's only one, rather than two, right?

Mr. Lawuary: Right.

The Court: And that, of course, will make a vast difference in the ultimate sentence.

Mr. Lawuary: Yes, sir.

The Court: Now, we are all agreed up to this point?

Mr. Lawuary: Yes, sir.

The Court: Now, with that understanding, then, do you want to continue—

Mr. Lawuary: We can continue.

The Court: with the plea?

Mr. Lawuary: Yes, sir.

(Change of Plea Hearing, March 9, 1998, Pages 15–20). Once Petitioner learned that he could address his concerns before sentencing, he was satisfied with his decision to plead guilty.[3] The Court proceed-

3. The Court does not find credible Petitioner's allegation that the Court coerced him into pleading guilty. Petitioner claims the Court implied that his plea agreement could be used against him at trial. No such inference could be drawn from the Court's questions when read in context. The questions were simply intended to make Petitioner aware that his concerns were sentencing issues and that these concerns would be addressed at a later date. If Petitioner was actually coerced by the Court's comments, he would have immediately acquiesced and pleaded guilty. Instead, Petitioner continued

ed to instruct Petitioner about the possible penalties he would face under either scenario—whether he had been convicted of one or two prior felony drug offenses. After describing the possible penalties associated with Petitioner's guilty plea, the Court asked Petitioner repeatedly if he was voluntarily pleading guilty. Petitioner stated that he was pleading guilty of his own free will and volition and that no one had forced him to enter the plea.

 Voluntary responses made by a defendant when entering a guilty plea are binding. *United States v. Trussel,* 961 F.2d 685, 689 (7th Cir.1992). In addition, there is a strong presumption that an accused's statements in open court and under oath as to the voluntariness of a guilty plea are true. *Blackledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136, (1977); *United States v. Ellison,* 835 F.2d 687, 693 (7th Cir.1987); *Hardin v. Peters,* 697 F.Supp. 329, 333 (N.D.Ill.1988). Such a presumption will not be overcome five years later simply because Petitioner is dissatisfied with his sentence. It is obvious from the transcript that Petitioner's sole concern was whether he would be held accountable for two previous felony drug convictions. Once he learned he could contest their validity at sentencing, he was satisfied to move forward with his plea of guilty. The Court gave Petitioner ample opportunity to terminate the change of plea hearing and continue to trial. He chose instead to plead guilty. Petitioner has presented insufficient evidence to re-

but the presumption that his plea of guilty was voluntary.

II. *Petitioner Argues the Court Lacked Jurisdiction Because the Government Failed to Comply with 21 U.S.C. § 851(a)*

Petitioner next alleges that the Court lacked jurisdiction to impose a life sentence in this case because the Government failed to comply with 21 U.S.C. § 851(a). Petitioner raised this claim on direct appeal. The Seventh Circuit affirmed Petitioner's conviction and sentence. *Lawuary,* 211 F.3d 372. In its published opinion, the Seventh Circuit held that the intended purpose of § 851 is to give a defendant adequate notice that the Government intends to use his prior felony drug convictions against him. *Id.* at 376. Our Circuit has affirmed many different methods for providing such notice to defendants.[4] In *Lawuary,* the court continued that trend and found that placing the requisite § 851 information on the first page of the written plea agreement was sufficient under 21 U.S.C. § 851. *Id.* at 377.

 "Once this court has decided the merits of a ground of appeal, that decision establishes the law of the case and is binding on a district judge asked to decide the same issue in a later phase of the same case, unless there is some good reason for re-examining it." *United States v. Mazak,* 789 F.2d 580, 581 (7th Cir.1986); *see Ari-*

to assert his position. It was not until after the Court explained that Petitioner could contest the validity of his prior convictions that Petitioner decided to continue the change of plea hearing.

4. *See United States v. Tringali,* 71 F.3d 1375, 1382 (7th Cir.1995) (holding that the § 851 notice was sufficient when read in conjunction with the government's separately filed Rule 404(b) notice); *United States v. Belanger,* 970 F.2d 416, 418–19 (7th Cir.1992)(holding

that sufficient notice was given when the government filed a § 851 notice indicating it intends to seek an enhancement, which was later followed by an account of defendant's convictions in a "Notice and Intent to Offer Evidence," (filed to establish the defendant's intent and to impeach)); *United States v. Jackson,* 121 F.3d 316, 320 (7th Cir.1997)(noting that "the plea agreement does clearly indicate that contingencies in sentencing were possible if Jackson had prior felony drug convictions").

zona v. California, 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983)(holding that "the [law of the case doctrine] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case"). In the instant case, the Court finds no good reason to reexamine this issue.

### III. Petitioner Argues 21 U.S.C. § 851 is Unconstitutional

■■■ Petitioner's next argument is that 21 U.S.C. § 851 is unconstitutional in that prior felony drug convictions are elements of the offense which must be presented to a jury and proved beyond a reasonable doubt. Petitioner failed to raise this claim on direct appeal, therefore, it is procedurally defaulted. Even assuming it was not, Petitioner's claim is without merit. All that is required of the Government is that it prove by a preponderance of the evidence that Petitioner had two prior felony convictions. United States v. Abanatha, 999 F.2d 1246, 1251 (8th Cir. 1993). Nothing, in that regard, has been changed by Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)(holding that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt").

### IV. Petitioner Claims 21 U.S.C. § 841(b)(1)(A) is Unconstitutional

■■■ Petitioner next argues that 21 U.S.C. § 841(b)(1)(A) is unconstitutional because Congress intended drug quantity to be a sentencing factor and not an element of the offense. Petitioner argues that Congress's intent, to remove from the jury the assessment of facts that increase the prescribed range of penalties, was unconstitutional. Petitioner failed to raise this issue on direct appeal, therefore it is procedurally defaulted. Regardless, Petitioner's claim would be unsuccessful. The Seventh Circuit has already rejected this argument in United States v. Brough, 243 F.3d 1078 (7th Cir.2001).[5]

### V. Petitioner Claims the Indictment was Insufficient as it Omitted Drug Quantity

■■■ Petitioner's next argument focuses on Apprendi. He states that the indictment did not allege a specific quantity of cocaine base as required by Apprendi. This claim was not raised on direct appeal, therefore it is procedurally defaulted. Petitioner seeks to prove that cause exists for this failure by asserting that an Apprendi claim was so novel that he was prevented from arguing it on direct appeal. This argument has been rejected by the Seventh Circuit. Valenzuela v. United States, 261 F.3d 694, 700 n. 2 (7th Cir.2001); Garrott v. United States, 238 F.3d 903, 905 (7th Cir.2001)(holding "the lack of any rea-

**5.** In Brough, the Seventh Circuit held:

If Congress had specified that only judges may make the findings required by § 841(b), or that these findings must be made by a preponderance of the evidence, then § 841 would create a constitutional problem. But the statute does not say who makes the findings or which party bears what burden of persuasion. Instead the law attaches effects to facts, leaving it to the judiciary to sort out who determines the facts, under what burden.

Apprendi holds that the due process clauses of the fifth and fourteenth amendments make the jury the right decisionmaker (unless the defendant elects a bench trial), and the reasonable—doubt standard the proper burden, when a fact raises the maximum lawful punishment. How statutes are drafted, or implemented, to fulfil that requirement is a subject to which the Constitution does not speak.

Brough, 243 F.3d at 1079.

sonable legal basis for a claim may constitute 'cause,' *see Reed v. Ross,* 468 U.S. 1, 16, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984), but [not here, because] the foundation for *Apprendi* was laid long before 1992").

Even if Petitioner had satisfied both the cause and prejudice requirements, a majority of circuits have held that the rule announced in *Apprendi* is not available to Petitioner retroactively on collateral review. *United States v. Sanders,* 247 F.3d 139, 146–51 (4th Cir.2001); United States v. Moss, 252 F.3d 993, 997 (8th Cir.2001); *McCoy v. United States,* 266 F.3d 1245, 1258 (11th Cir.2001); *Jones v. Smith,* 231 F.3d 1227, 1238 (9th Cir.2000)(holding that *Apprendi* does not apply retroactively on collateral review insofar as it effects discrepancies between an information and jury instructions). The Seventh Circuit has not specifically addressed the issue. *Ashley v. United States,* 266 F.3d 671 (7th Cir.2001). This court chooses to address Petitioner's claim as if *Apprendi* applies. *Brannigan v. United States,* 249 F.3d 584, 587 (7th Cir.2001)(holding that "when an argument invoking *Apprendi* would fail even if that case turns out to be fully retroactive, we deny it on the merits in order to forestall a further round of litigation if the Supreme Court later should decide in favor of retroactivity").

▆▆▆ Petitioner's premise is correct—a post-*Apprendi* indictment must include drug quantity.

For the drug crimes described in 21 U.S.C. §§ 841 and 846, before a defendant can be sentenced to a term of imprisonment above the default statutory maximum provided in § 841(b)(1)(C) or (D), *Apprendi* requires that a drug type and amount sufficient to trigger the higher statutory maximums of § 841(b)(1)(A) or (B) should be specified in the indictment and must be found by the trier of fact using the reasonable doubt standard.

*United States v. Adkins,* 274 F.3d 444, 454–455 (7th Cir.2001); *see, e.g., United States v. Bjorkman,* 270 F.3d 482, 492 (7th Cir.2001); *United States v. Nance,* 236 F.3d 820 (7th Cir.2000).

▆▆▆ It is now well established in our Circuit that *Apprendi* errors in the indictment, not challenged in the district court, are subject to harmless error analysis.[6] *See Bjorkman,* 270 F.3d at 492; *United States v. Martinez,* 258 F.3d 582, 586 (7th Cir.2001); *Nance,* 236 F.3d at 825. Under that standard of review, it is clear in light of *Apprendi* that the Court erred, that the error is plain, and that the error, which subjected Petitioner to a sentence of life in prison rather than a maximum of 30 years, affected a substantial right. However, the Court should reverse the sentence only if the error also "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *Johnson v. United States,* 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (citations omitted).

In *Johnson,* the Supreme Court held that overwhelming evidence of guilt makes it difficult to demonstrate a miscarriage of justice which justifies a reversal on the basis of the error. 520 U.S. at 470, 117 S.Ct. 1544. In the same sense, when there is overwhelming evidence presented as to the minimum quantity of drugs necessary to sustain the sentence imposed, we have found that the error is not so serious that it

---

6. The four elements of the plain error analysis are: "(1) whether there was an error at all, (2) whether it was plain, (3) whether it affected the defendant's substantial rights, and (4) whether (if the first three factors are present) it seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Martinez,* 258 F.3d 582, 585–87 (7th Cir.2001).

requires us to set aside the judgment. *See Patterson,* 241 F.3d at 913–14.

*Martinez,* 258 F.3d 582, 586 (7th Cir.2001). If the evidence here was so overwhelming, clear beyond a reasonable doubt, that Petitioner would have been found guilty of possession with intent to deliver over 50 grams of cocaine base or crack, then the Court cannot say that the *Apprendi* error was so serious that the judgment should be set aside. *See Bjorkman,* 270 F.3d at 492; *Nance,* 236 F.3d at 826.

▮ Here, Petitioner never asserts that he is factually innocent of the crime charged. In addition, two officers testified about Petitioner's arrest at the motion to suppress hearing. The officers testified that Petitioner attempted to run away from the scene of a traffic stop. As officers tackled Petitioner, Petitioner threw a plastic baggie. It was later determined that the bag contained 64.3 grams of crack cocaine. This evidence is "so overwhelming that any reasonable jury would have been bound to conclude that [Petitioner's] drug activity involved more than 50 grams" of cocaine base. *See id.* Therefore, even if *Apprendi* applied retroactively, no plain error exists in this case; Petitioner's claim fails.

VI. *Petitioner's Ineffective Assistance Claims*

▮ Petitioner also argues that his Sixth Amendment right to counsel was violated by his counsel's ineffective assistance. First, he argues that his counsel should have objected when the Government failed to file an information in accordance with 21 U.S.C. § 851. Second, Petitioner alleges that his attorney was ineffective in assisting him maintain his not guilty plea. Third, Petitioner asserts that his attorney failed to secure a better plea agreement. Fourth, counsel was ineffective in researching the validity of the Petitioner's prior convictions, specifically, his conviction in state case no. 93–CF–789.[7]

▮ Ineffective assistance of counsel claims are cognizable under § 2255. However, "because counsel is presumed effective, a party bears a heavy burden in making out a winning claim based on ineffective assistance of counsel." *United States v. Trevino,* 60 F.3d 333, 338 (7th Cir.1995); *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness and that the deficient performance so prejudiced the petitioner's defense that it deprived him of a fair trial. *See Strickland,* 466 U.S. at 688–94, 104 S.Ct. 2052. The court should:

> evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered

---

7. Although it is unclear from the petition, Petitioner may have made a fifth claim of ineffective assistance of counsel in that his counsel failed to make an *Apprendi* claim to the Court. The Government addressed the claim in its response, so the Court will as well. The Seventh Circuit has held that such an argument is meritless because "[t]he Sixth Amendment does not require counsel to fore-cast changes or advances in the law." *Valenzuela v. United States,* 261 F.3d 694, 700 (7th Cir.2001) quoting *Lilly v. Gilmore,* 988 F.2d 783, 786 (7th Cir.1993); *see also United States v. Smith,* 241 F.3d 546, 548 (7th Cir.2001) (noting that an ineffective assistance of counsel argument premised on counsel's failure to anticipate *Apprendi* would be untenable).

sound trial strategy." *See Strickland,* 466 U.S. at 689, 104 S.Ct. 2052 quoting *Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955).

In the context of a guilty plea, a petitioner must show two things. First, a petitioner must present evidence of counsel's unreasonable performance. The second requirement, or "prejudice," requirement

> focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Both the Supreme Court and the Seventh Circuit have recommended that if it is easier to dispose of the ineffective assistance claim on the prejudice prong of the *Strickland* test, that prong should be addressed first. Such a course of action would obviate the need to rule on the more difficult and elusive performance question. *Strickland,* 466 U.S. at 697, 104 S.Ct. 2052; *United States ex rel. Cross v. DeRobertis,* 811 F.2d 1008, 1014 (7th Cir.1987).

### A. Counsel did not Object to the Government's Method of Disclosure

First, Petitioner alleges that his counsel was ineffective in that he did not object when the Government failed to file an information as required by 21 U.S.C. § 851. The Seventh Circuit addressed Petitioner's claim on direct review and held that § 851 is satisfied when the required information is disclosed in a written plea agreement.

*Lawuary,* 211 F.3d at 377. Therefore, Petitioner's counsel was not ineffective for having failed to object to the Government's method of disclosure.

### B. Counsel Failed to Assist Petitioner Maintain his Not Guilty Plea

Second, Petitioner alleges that his attorney was ineffective in assisting him maintain his not guilty plea. Petitioner argues that his attorney had, "the affirmative duty to see to it that if the Movant desired a trial on the merits of the case, that he received one. Instead, counsel capitulated to the entreaties of the Court and the government to proceed with the change of plea, rather than terminating the proceedings."

■ It is obvious from reading the transcript of the change of plea hearing that Petitioner did not actually want a trial-he wanted an opportunity to contest the validity of his prior drug convictions.[8] Once this desire was made known, the Court, Petitioner's counsel, and the Assistant United States Attorney addressed the issue. Mr. Risley informed the Court that Petitioner's counsel had carefully crafted the plea agreement to allow Petitioner to contest the validity of his prior convictions. The Court reassured Petitioner that he would have an opportunity to address his concerns before sentencing and that just by pleading guilty, Petitioner was not admitting that those prior convictions were valid. After just moments of discussion, Petitioner changed his mind and informed the Court that he wanted to continue with the change of plea hearing and to submit a guilty plea to Count 2.[9] As discussed earlier, voluntary responses made by a defen-

---

**8.** *See* change of plea transcript *supra.*

**9.** The Court questioned Petitioner about whether he wanted to continue or not. Peti-

tioner assured the Court he wanted to plead guilty. *See* change of plea hearing transcript.

dant when entering a guilty plea are binding. *United States v. Trussel*, 961 F.2d 685, 689 (7th Cir.1992). There is a strong presumption that an accused's statements in open court and under oath as to the voluntariness of a guilty plea are true. *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136, (1977); *United States v. Ellison*, 835 F.2d 687, 693 (7th Cir.1987); *Hardin v. Peters*, 697 F.Supp. 329, 333 (N.D.Ill.1988). Petitioner has presented insufficient evidence to rebut the presumption that his plea of guilty was voluntary. Counsel has no obligation to act in conflict with his client's wishes and assist him plead not guilty when his client's intent is to plead guilty. Accordingly, there is no evidence that Petitioner has suffered prejudice as a result of counsel's alleged ineffective assistance.

### C. Counsel Failed to Secure a Better Plea Agreement

■ Third, Petitioner asserts that his attorney failed to secure a better plea agreement. Petitioner has not satisfied the two prongs of the *Strickland* test. Petitioner does not point to any authority holding that the failure of counsel to negotiate a different or better plea agreement amounts to a deviation from reasonable professional assistance. The Court has not found any such authority in its own research. The failure to negotiate a different plea agreement should instead be characterized as trial strategy that does not constitute ineffective assistance of counsel. *See United States v. Calderon*, 163 F.3d 644, 646 (D.C.Cir.1999) (holding that counsel's decision regarding the details of a plea agreement are "well within the realm of valid strategic decisions of competent counsel"). Therefore, counsel's failure to secure a better plea agreement does not rise to the level of ineffective assistance of counsel in violation of the Sixth Amendment.

### D. Counsel Failed to Investigate the Validity of Petitioner's Prior Convictions

■ Fourth, Petitioner argues counsel was ineffective in researching the validity of the Petitioner's prior convictions, specifically, his conviction in state case no. 93–CF–789. In *Daniels v. United States*, 532 U.S. 374, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001), the Supreme Court stated that habeas relief is not available to petitioners who challenge a fully expired conviction used to enhance a subsequent sentence in a petition brought under 28 U.S.C. § 2255. *See Daniels*, 532 U.S. at 382, 121 S.Ct. 1578. The Supreme Court held that "the presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255." *Id.* This general rule applies unless the challenged conviction was allegedly obtained in violation of the Sixth Amendment right to counsel. *Id; see Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). The purpose of such a ruling is to protect the finality of convictions and to ease administration. *See Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 402, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001).

Petitioner has not alleged that his state court conviction was obtained in violation of his right to counsel. Instead he claims that he did not know that the crime required knowing possession, that there was no factual basis for his guilty plea, and that he was factually innocent of the charges. Because Petitioner has failed to allege a violation of *Gideon v. Wainwright*, his attempt to invalidate his prior convic-

tion must fail. *See Daniels*, 532 U.S. at 382, 121 S.Ct. 1578.

## VII. *Miscellaneous Grounds*

In Petitioner's petition, he alleges several more reasons why his conviction should be set aside. Petitioner appears to abandon these claims because they are not mentioned in the memorandum in support. Regardless, the Court will address these allegations.

First, Petitioner alleges that 21 U.S.C. § 851 is unconstitutional as it precludes the Petitioner from challenging the validity of prior drug convictions which occurred more than five years before the date the information was filed. Both of Petitioner's prior drug convictions became final less than five years before the information was filed on March 9, 1998. Therefore, this statute does not affect Petitioner's current conviction or sentence.

Second, Petitioner alleges that the Court was deprived of jurisdiction when it failed to advise him that he had a right to challenge the convictions upon which the Government was relying to enhance his sentence. *See* 21 U.S.C. § 851(b). The change of plea hearing transcript clearly contradicts Petitioner's allegation. The Court specifically told Petitioner that he could challenge his prior convictions.[10] Petitioner's allegation is without merit.

Lastly, Petitioner asserts that his counsel was ineffective for failing to attack the constitutionality of 21 U.S.C. § 841(b)(1)(A) and 21 U.S.C. § 851. As discussed earlier, neither of these statutes are unconstitutional so failing to pursue such an argument will not be considered ineffective assistance of counsel.

10. *See* the change of plea hearing transcript.

## CONCLUSION

*Ergo*, Petitioner's § 2255 Petition is DENIED.